**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **SHERRY MARTIN a/k/a SHERRY FIELDS**<br>**147 Patton Way**<br>**Elkton, MD 21921**<br>***Plaintiff***<br>**vs.**<br><br>**PARK HOTELS & RESORTS INC. f/k/a HILTON WORLDWIDE, INC.**<br>**c/o Corporation Service Company**<br>**5235 North Front Street**<br>**Harrisburg, PA 17110**<br>**and**<br>**HAMPTON INN CHARLOTTE - UNIVERSITY PLACE**<br>**8419 N. Tryon Street**<br>**Charlotte, NC 28262**<br>**and**<br>**G. F. MANAGEMENT, LLC d/b/a GF HOTELS & RESORTS**<br>**1628 John F. Kennedy Boulevard**<br>**Suite 2300**<br>**Philadelphia, PA 19103**<br>***Defendants*** | : | **CIVIL ACTION**<br><br>**No.: ____________** |

**COMPLAINT**

The Plaintiff, Sherry Martin a/k/a Sherry Fields (hereinafter, "Sherry Martin") by and through their undersigned counsel, brings this civil action against the Defendants, Park Hotels & Resorts Inc. f/k/a Hilton Worldwide, Inc. (hereinafter, "Hilton"), Hampton Inn Charlotte-University Place (hereinafter, "Hampton Inn"), and G. F. Management, LLC d/b/a GF Hotels & Resorts (hereinafter, "GF Hotels"), and makes the following allegations:

**PARTIES**

1. Plaintiff, Sherry Martin, is an adult individual, citizen and resident of the State of Maryland, residing therein at the above referenced address.

2. Defendant, Hilton, is a corporation authorized to conduct business in the Commonwealth of Pennsylvania.

3. Defendant, Hampton Inn, is a corporation and/or operating name of a corporate entity authorized to do business within the Commonwealth of Pennsylvania.

4. Defendant, GF Hotels, is a Pennsylvania limited liability company which is organized and operating under the laws of the Commonwealth of Pennsylvania.

5. Defendants, Hilton, Hampton Inn, and/or GF Hotels, own and/or operate hotels, including the Hampton Inn Charlotte-University Place located at 8419 N. Tryon Street, Charlotte, NC 28262.

**JURISDICTION AND VENUE**

6. Plaintiff and Defendants are citizens of different states, and the matter in controversy in this case exceeds the seventy-five thousand dollars ($75,000.00), exclusive of interest and costs.

7. This Court therefore has subject matter jurisdiction pursuant to 28 U.S.C. §1332(a)(1).

8. Defendant, Hilton, has a registered agent for service at the Corporation Service Company located at the above-captioned address in the Commonwealth of Pennsylvania.

9. Defendant, GF Hotels, is incorporated and/or organized under the laws of the Commonwealth of Pennsylvania with a principal address located within the City and County of Philadelphia.

10. Defendants own and/or operate multiple locations throughout the Commonwealth of Pennsylvania, with sufficient minimum contacts in Pennsylvania such that this Court has personal jurisdiction over the Defendant(s).

11. Venue is proper in this Court under 28 U.S.C. §1391(b).

12. Since the underlying incident occurred in the State of North Carolina, at Defendants' Charlotte location, North Carolina law applies in this case.

## FACTS

13. On or about September 16, 2023, Plaintiff, Sherry Martin, was a hotel guest at Defendants' "Hampton Inn Charlotte-University Place" located in Charlotte, North Carolina.

14. At all times relevant and material hereto, Plaintiff, Sherry Martin, was a business invitee on the Defendants' premises.

15. At all times relevant and material hereto, Plaintiff, Sherry Martin, was using the hotel guest room door locking mechanism in its intended manner.

16. At the aforesaid time and place, Plaintiff, Sherry Martin, was seriously and permanently injured when she was caused to trip and fall on the uneven floor of the premises, causing Plaintiff's ring finger to be caught in the aforesaid dangerous door locking mechanism.

17. Specifically, this incident occurred due to the defective and/or unreasonably dangerous door locking mechanism, which caused the complete traumatic metacarpophalangeal amputation of Plaintiff's right ring finger when Plaintiff tripped and fell on the uneven floor.

18. At no time did the Plaintiff, Sherry Martin, misuse the subject door locking mechanism of her hotel guest room.

19. At no time did the Plaintiff, Sherry Martin, known or have reason to know that the door locking mechanism would malfunction and/or otherwise catch, trap, and/or wedge Plaintiff's finger within the aforesaid mechanism when she fell.

20. At no time did the Plaintiff, Sherry Martin, know the threshold and/or transition piece adjoining the tile and carpet was uneven, which caused plaintiff to trip and fall while her

right ring finger was caught within the aforesaid door locking mechanism.

21. When Plaintiff tripped and fell, her ring finger remained trapped within the dangerous door locking mechanism, causing the right ring finger to be severed.

22. As a direct and proximate result of the Defendants' negligence and use of the defective and unreasonably dangerous locking mechanism on the door to Plaintiff's room, Plaintiff suffered severe, permanent, and irreparable harm.

23. This was the first time Plaintiff, Sherry Martin, was on the subject premises, and thus Plaintiff had no prior knowledge and/or experience with this specific door locking mechanism.

**COUNT ONE – NEGLIGENCE**
**PLAINTIFF, SHERRY MARTIN v. ALL DEFENDANTS**

24. Plaintiff, Sherry Martin, hereby incorporates by reference the information set forth in paragraphs 1 through 23 as though fully set forth at length herein.

25. Defendants were negligent in their commission of the following acts and/or omissions:

a. Failing to adequately ascertain the dangers of the aforesaid door locking mechanism;

b. Failing to warn hotel guests, including Plaintiff, of the danger(s) of their door locking mechanism;

c. Failing to place any sign(s) and/or warning(s) regarding the dangers of the door locking mechanism;

d. Failing to warn hotel guests, including Plaintiff, of the uneven transitional flooring and/or threshold between the hallway and hotel guest room(s);

e. Failing to place any sign(s) and/or warning(s) alerting guests of the uneven floor;

f. Failing to utilize a safe door locking mechanism on all guest rooms upon the premises;

g. Failing to utilize a safer door locking mechanism and/or design;

h. Failing to periodically inspect the guest room door locks to ensure they were not unreasonably dangerous as evidenced by Plaintiff's injuries;

i. Failing to place Plaintiff in a guest room with a safer door locking mechanism;

j. Failing to test, inspect, and/or otherwise reasonably ensure its hotel room door locking mechanisms were safe for their intended use; and,

k. Failing to fix and/or level the floor surface between Plaintiff's guest room and the hotel hallway.

26. As a direct and proximate result of the negligence of Defendants, Plaintiff suffered severe, permanent, and irreparable injury and/or damages, including the complete traumatic metacarpophalangeal amputation of Plaintiff's right ring finger.

27. At no time was Plaintiff, Sherry Martin, contributorily negligent in sustaining her aforesaid injuries.

**WHEREFOR**E, Plaintiff, Sherry Martin, respectfully requests that this Honorable Court grant judgment in their favor and against Defendants, Park Hotels and Resorts, Inc. f/k/a Hilton Worldwide, Inc., Hampton Inn Charlotte – University Place, and G. F. Management, LLC d/b/a GF Hotels & Resorts, for an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), plus interest and costs.

**COUNT TWO – STRICT LIABILITY**
**PLAINTIFF, SHERRY MARTIN v. ALL DEFENDANTS**

28. Plaintiff, Sherry Martin, hereby incorporates by reference the information set forth in paragraphs 1 through 27 as though fully set forth at length herein.

29. Defendants are strictly liable for providing a defective and/or unreasonably dangerous product for Plaintiff to use, knowing there was no way for Plaintiff to avoid using the door locking mechanism as it was required to lock her guest room.

30. The locking mechanism used in Plaintiff's guest room on the Defendants' premises was defectively designed in that it allowed for one's finger to be caught and/or trapped within it.

31. The locking mechanism used in Plaintiff's guest room on the Defendants' premises should never have been utilized, installed, and/or used, as it was defective and unreasonably dangerous.

32. As a direct and proximate result of the negligence of Defendants, Plaintiff suffered severe, permanent, and irreparable injury and/or damages, including the complete traumatic metacarpophalangeal amputation of Plaintiff's right ring finger.

**WHEREFOR**E, Plaintiff, Sherry Martin, respectfully requests that this Honorable Court grant judgment in their favor and against Defendants, Park Hotels and Resorts, Inc. f/k/a Hilton Worldwide, Inc., Hampton Inn Charlotte – University Place, and G. F. Management, LLC d/b/a GF Hotels & Resorts, for an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), plus interest and costs.

**ZAFRAN LAW GROUP**

BY: /s/ Jared S. Zafran

JARED S. ZAFRAN, ESQUIRE
*Attorney for Plaintiff*
Attorney ID No: 208269
1704 Locust Street
Philadelphia, PA 19103
Phone: 215-587-0038
Email: jared@zafranlaw.com